UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEPHANIE GEHM,

                        Plaintiff,

  -v-                                              3:10-CV-1170

MICHAEL ASTRUE, Commissioner of Social
Security,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                  OF COUNSEL:

LACHMAN & GORTON                    PETER A. GORTON, ESQ.
Attorneys for Plaintiff
1500 E. Main Street
P.O. Box 89
Endicott, NY 13761

OFFICE OF REGIONAL GENERAL COUNSEL    CHRISTOPHER J. BRACKETT, ESQ.
SOCIAL SECURITY ADMINISTRATION REGION II
Attorneys for Defendant
26 Federal Plaza Room 3904
New York, NY 10278

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      This matter is brought pursuant to §§ 205(g) & 1631(b)(3) of the Social Security Act, as amended, 42 U.S.C. §§ 405(g) & 1383(c)(3), to review a final determination of the Commissioner of Social Security denying the plaintiff's claim for Social Security Disability and Supplemental Security Income benefits. The parties have filed their briefs, including the

Administrative Record on Appeal, and the matter has been submitted for decision without oral argument.

## II. BACKGROUND

Plaintiff Stephanie Gehm ("plaintiff" or "Gehm") filed applications for social security disability benefits on November 15, 2007, claiming a period of disability beginning on May 5, 2005. Her claims were initially denied, in February 2008. She filed a request for a hearing on April 7, 2008, and a hearing was held before an Administrative Law Judge ("ALJ") on November 4, 2009. The ALJ rendered a decision on March 26, 2010, denying plaintiff's claim. Plaintiff appealed the ALJ's decision and submitted additional evidence to the Appeals Council. On September 9, 2010, the Appeals Council set aside its prior decision declining to consider additional information. After considering the additional information, the Appeals Counsel denied review of the ALJ's decision. Thus, the ALJ's decision became the final decision of the Commissioner.

## III. DISCUSSION

### A. Standard of Review

The scope of a court's review of the Commissioner's final decision is limited to determinating whether the decision is supported by substantial evidence and the correct legal standards were applied. Poupore v. Astrue, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam) (citing Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002); Martone v. Apfel, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987)). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Poupore, 566 F.3d at 305 (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229, 59 S. Ct. 206, 217

(1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (citing Universal Camera Corp. v. NLRB, 340 U.S. 474, 488, 71 S. Ct. 456, 464 (1951)). If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. Id.

However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. Martone, 70 F. Supp. 2d at 148 (citing Johnson, 817 F.2d at 986).

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); see Martone, 70 F. Supp. 2d at 148. "Remand is appropriate where there are gaps in the record or further development of the evidence is needed," such as where new, material evidence has become available. 42 U.S.C. § 405(g); Martone, 70 F. Supp. 2d at 148 (citing Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980)). A remand for rehearing directing the taking of additional evidence is warranted only if it is shown that there is new, material evidence "'and that there is good cause for the failure to incorporate such evidence into the record'" at the administrative hearing. Carroll v. Sec'y of Health & Human Servs., 705 F.2d 638, 643-44 (2d Cir. 1983) (quoting 42 U.S.C. § 405(g), as amended in 1980)). Remand may also be appropriate if the Commissioner "misapplies the law or failed to provide a fair hearing." Id. at 644. However, where the underlying

administrative decision is not supported by substantial evidence, reversal is appropriate because there would be no useful purpose in remanding the matter for further proceedings. Id. (reversing and remanding solely for calculation of benefits, subject to determination by the district court of any motion by the agency to remand to consider new evidence); Parker, 626 F.2d at 235 (reversing and remanding solely for calculation and payment of benefits); Simmons v. United States R.R. Ret. Bd., 982 F.2d 49, 57 (2d Cir. 1992) (same); Williams, 859 F.2d at 261 (same).

### B. Disability Determination—The Five Step Evaluation Process

The Social Security Act defines "disability" to include the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In addition, the Act requires that a claimant's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

Id. § 423(d)(2)(A).

The Administrative Law Judge ("ALJ") must follow a five step evaluative process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520, 416.920. In the first step the ALJ must determine whether the claimant is engaging in substantial gainful activity. If the claimant is engaging in substantial gainful activity he is not disabled and he is not entitled to benefits. Id. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful employment, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities.  Id. §§ 404.1520(c), 416.920(c).  If the claimant is found to suffer from a severe impairment, then step three requires that the ALJ determine whether the impairment meets or equals an impairment listed in Appendix 1 of the regulations.  Id. §§ 404.1520(d), 416.920(d); see also id. Part 404, Subpt. P, App. 1.  If so, then the claimant is "presumptively disabled."  Martone, 70 F. Supp. 2d at 149 (citing Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984)); 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether the claimant's residual functional capacity ("RFC") precludes the performance of his or her past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f).

If the opinion of a treating physician is "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record'" it is given significant weight.  Poupore, 566 F.3d at 307 (quoting 20 C.F.R. § 404.1527(d)(2)).  However, where the treating physician's opinion is not supported by medical evidence, it is not entitled to significant weight.  Id.

The burden of proof with regard to the first four steps is on the claimant.  Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996); Ferraris, 728 F.2d at 584.

If it is determined that claimant cannot perform past relevant work, the burden shifts to the agency for the fifth and  final step.  Perez, 77 F.3d at 46.  This step requires the agency to examine whether the claimant can do any type of work.  20 C.F.R. §§ 404.1520(g), 416.920(g).  The regulations provide that "factors such as a claimant's age, education, and

previous work experience" should be evaluated to determine whether a claimant has the residual functional capacity to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary." Perez, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2). "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; he need not provide additional evidence of the claimant's residual functional capacity." Poupore, 566 F.3d at 306.

A claimant may seek review of an adverse decision by the ALJ from the Appeals Council. Perez, 77 F.3d at 44. If review is granted, the decision of the Appeals Council is the final decision of the Commissioner. Id. If review is denied, then the final decision is that of the ALJ. Id. The final decision is judicially reviewable pursuant to 42 U.S.C. § 405(g).

## IV. ANALYSIS

The following facts are set forth to provide context to the analysis that follows. Additional facts may be set forth in the analysis as necessary.

As noted above, Gehm alleged an onset of disability on May 5, 2005. She claimed the inability to work due to depression, muscle weakness, fibromyalgia, bipolar disorder, arthritis (neck, shoulders, and lower back), insomnia, high cholesterol, panic attacks, and severe pain. R. at 138.

Gehm was involved in a serious automobile accident on February 3, 2008. While hospitalized following the accident she received a determination that her application for benefits had been denied. See id. at 66. The Explanation of Determination found that plaintiff's RFC limited her to sedentary work, and that her mental functioning capacity limited her to simple work. Using grid Rule 201.25 as a guide, it was determined that Gehm was capable of performing other work, and examples were listed. Id. at 67.

A disability field office report updating Gehm's information as of November 1, 2008, included injuries she sustained in the February 2008 automobile accident. The report listed plaintiff's injuries as "broken neck, broken back, broken eye socket, lower leg".[1] In a Final Review Checklist dated November 20, 2008, the examiner Lynn Donatelli ("Donatelli") checked "close the case as <u>Fully Favorable</u> and route to [Field Office]." R. at 177. On December 23, 2008, Donatelli issued an Explanation of Determination, finding that Gehm had a less than full sedentary RFC, for a May 5, 2005, onset of disability, and recommending a <u>fully favorable</u> reversal of the prior denial of benefits.[2] <u>Id</u>. at 68. Unable to reopen the prior denial at her level, Donatelli returned the case to the Office of Disability Adjudication and Review. <u>Id</u>. On December 24, 2008, Donatelli scanned an undated Final Review Checklist determining that a "fully favorable" decision could not be reached.[3] <u>Id</u>. at 178.

On July 21, 2009, plaintiff called the Social Security Administration to provide her new address in Louisiana. The Administrative Message from this call indicates that her decision status was <u>favorable</u>.

---

[1] This description of plaintiff's injuries suffered in the car accident is brief at best. The medical record shows that she suffered fractures of multiple neck and back vertebrae, orbital and nasal fractures, rib fractures, left lower leg fracture (mid-shaft), left ankle fracture (which required open reduction and internal fixation), amputation of two toes on the left foot, right wrist and forearm injuries, as well as other not-so-serious injuries.

[2] The full Explanation of Determination stated: "PRIOR DENIAL REVIEWED. RECOMMEND FULLY FAVORABLE REVERSAL WITH LESS THAN SED RFC FOR 5/5/05 EOD. PRIOR FOLDER OBTAINED FOR 8/06 DENIAL. REP CONTACTED FOR ANY ADDITIONAL MER PRIOR TO ADJUDICATION. UNABLE TO REOPEN/REVISE PRIOR DENIAL OF 8/06 AT THIS LEVEL. RETURNED TO [OFFICE OF DISABILITY ADJUDICATION AND REVIEW] JURISDICTION FOR NEXT ACTION." <u>Id</u>. at 68.

[3] The conclusion reached was: "Close the case as ND (no decision). Document the file with a . . . statement showing the basis for the ND, make the appropriate annotation on the IR flag and immediately return the case to ODAR." <u>Id</u>. at 178.

Again inexplicably, since a favorable decision had been made on her claim, Gehm's request for a hearing was forwarded to an ALJ in Louisiana. The ALJ scheduled a hearing for November 4, 2009, in Louisiana.

Although she had been represented by counsel in New York, plaintiff appeared for the hearing in Louisiana unrepresented. She waived her right to representation.

Toward the beginning of the hearing, the ALJ questioned Gehm about "some notices" he saw indicating a favorable finding had been made on Gehm's claim for benefits. R. at 36–37. Plaintiff replied that she had never received any favorable findings on her claim. Id. The subject of the prior favorable finding was not mentioned again in the hearing, and the ALJ did not mention it in his decision.

Had the ALJ adequately reviewed the record of Gehm's application for benefits it would have been clear that a favorable finding was justified by the record. For example, a psychiatric consultative evaluation on January 25, 2008, found plaintiff's affect to be dysthymic. Id. at 314. Her mood was depressed and hopeless and she cried throughout the evaluation, sometimes sobbing. Id. Her attention and concentration were impaired due to depression. Id. The evaluator found that Gehm could learn simple tasks but would probably be easily overwhelmed by both complex tasks and stress. Id. at 315. Her depression would interfere with the ability to make work decisions, maintain a regular work schedule, and relate appropriately with others. Id. Further, plaintiff's "psychiatric problems [] may significantly interfere with [her] ability to function on a daily basis." Id. The evaluator recommended psychiatric and psychological treatment, and concluded that Gehm's prognosis was poor. Plaintiff's medications at the time of the psychiatric evaluation included Cymbalta, Diazepam, hydrocodone, and oxycodone. Id. at 312. Additionally, a physical consultative examination

resulted in diagnoses of fibromyalgia and cervical spinal stenosis with myelopathy, resulting in a guarded prognosis. Id. at 334. The examiner concluded that Gehm should avoid stairs and suffered a marked limitation for bending, lifting, carrying, walking, standing, sitting, and reaching. Id.

Both these psychiatric and physical evaluations, which took place before plaintiff's motor vehicle accident, fully support a decision awarding benefits.

Moreover, after the accident plaintiff suffered from additional severe impairments including thoracic vertebral fractures (three vertebrae), open reduction and internal fixation of the left ankle, and amputation of two toes on the left foot. The case reviews resulting in a fully favorable decision with an onset of disability of May 5, 2005, are supported by substantial evidence of Gehm's severe mental impairments, cervical degenerative disc disease, and fibromyalgia from which she suffered prior to the accident, as well as the physical limitations resulting from the injuries suffered in the accident. Id. at 81–85, 177.

It was error for the ALJ to fail to adequately review the record before him. The record before the ALJ was utterly devoid of evidence that would support a finding of not disabled. Yet he failed to undertake a review of the record or to further determine how the record was before him for a hearing when a decision had already been made awarding plaintiff benefits. There was no reasonable basis for the ALJ to proceed with a hearing given the record before him. On this basis alone the decision below must be reversed.

Moreover, even if the ALJ properly held the hearing, his decision was in error and would be reversed. The ALJ determined that Gehm has the RFC to perform light work[4]

---

[4] Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though

(continued...)

except that she can only perform simple, repetitive job tasks.  This conclusion is not supported by substantial evidence in the record.  For example, the psychiatric consultant performed an evaluation and concluded that plaintiff suffered from dysthymic depression, as a result of which her attention and concentration were impaired.  Id. at 314–15.  The evaluator also found that the mental impairments from which plaintiff suffered would interfere with her ability to make appropriate work decisions, maintain a work schedule, and relate adequately with others.  Id. at 315.  Further, the evaluator opined that Gehm's psychiatric problems would "significantly interfere with the claimant's ability to function on a daily basis." Id.  This evaluation is consistent with plaintiff's complaints of debilitating depression.  Gehm's pre-accident diagnoses of fibromyalgia and cervical spinal stenosis, along with post-accident medical records, provide support for her subjective complaints of pain and other limiting symptoms.  For example, even before the accident it was determined that Gehm suffered a marked limitation for bending, lifting, carrying, walking, standing, sitting, and reaching.  Id. at 334.  Although the ALJ acknowledged that plaintiff's medically determinable impairments could reasonably be expected to cause her symptoms,[5] he discounted the extent of the

---

[4](...continued)
   the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b)

[5] It is also noted that the ALJ failed consider the effects of plaintiff's medications, such as the narcotic painkiller hydrocodone, in his evaluation of her credibility.  This would also provide a basis for reversing the ALJ's decision.  See Meadors v. Astrue, 370 Fed. Appx. 179, 183-84 & n. 1 (2d Cir. 2010) (summary order).

symptoms insofar as they were "inconsistent with the above residual functional capacity assessment."  Id. at 22.  A claimant's credibility may be questioned if it is inconsistent with the medical evidence.  However, it is improper to question the plaintiff's credibility because it is inconsistent with the RFC determined by the ALJ.[6]  Thus, the ALJ did not follow the proper legal standard.

Moreover, the vocational expert's opinion that occupations exist in the national economy that Gehm can perform is flawed in that it was based upon the ALJ's improper determination that plaintiff could perform light work only limited by simple, repetitive job instructions.  See id. at 60.  The ALJ failed to include in his hypothetical to the vocational expert the full extent of plaintiff's exertional and nonexertional limitations.

## V. **CONCLUSION**

The ALJ failed to adequately review the record, including the prior decisions in plaintiff's favor, requiring reversal of the denial of benefits.  Even if the ALJ correctly held a hearing, he followed improper legal standards in evaluating plaintiff's subjective complaints of disabling symptoms (both mental and physical), in determining plaintiff's RFC, and in obtaining the advice of a vocational expert.  Therefore, the ALJ failed to sustain his burden of establishing that work exists in significant numbers in the national economy that plaintiff can perform.  No purpose would be served by remanding for further proceedings.  Rather, this is an appropriate case for remand for calculation and payment of benefits.

    1.  The Commissioner's motion for judgment on the pleadings is DENIED;

    2.  Plaintiff's motion for judgment on the pleadings is GRANTED; and

---

[6] At the second step of the credibility analysis it would be proper to consider whether subjective complaints of pain were inconsistent with objective evidence in the record.  Meadors, 370 Fed. Appx. at 184.

3. This matter is remanded for calculation of benefits in accordance with the above.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 28, 2012
      Utica, New York.